PER CURIAM.
This is an appeal from orders entered in postconviction proceedings. We affirm.
Defendant-appellant Marvin Morris filed in the Florida Supreme Court a motion seeking emergency relief, alleging that in Miami-Dade County Circuit Court case numbers 89-31180 and 89-20450 the oral pronouncement was for ten year concurrent sentences, not the aggregate forty years imposed by the written sentencing orders through consecutive sentencing. He alleged that he already had served more than ten years and was entitled to immediate release. The Florida Supreme Court treated the defendant’s motion as a petition for writ of habeas corpus. The supreme court transferred it “to the Circuit Court of the Eleventh Judicial Circuit in and for Dade County, Florida, for consideration as a motion to correct sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a).” After transfer, the trial court denied relief.
The defendant filed a petition for writ of habeas corpus in the Florida Supreme Court. The supreme court entered an order stating, “Appellant has submitted a petition for writ of habeas corpus which this Court has treated as a Notice of Appeal from the Eleventh Judicial Circuit Court, in and for Dade County, Florida. Having determined that the issues involved in this appeal appear to be within the jurisdiction of the Third District Court of Appeal, this case is hereby transferred to that court.” The supreme court’s order was, however, misdirected to the trial court, which opened a new file, Miami-Dade County circuit court case number 05-18972, for this proceeding. The defendant’s previous motion seeking emergency relief was referred to a successor judge, who again denied the motion. The defendant filed a timely notice of appeal. Both orders are now before us in this appeal.
On the merits, we agree with both trial judges in the denial of relief. The sentencing transcript is very clear that the trial court sentenced the defendant to ten years as a habitual offender in Miami-Dade County Circuit Court case number 89-20450, and a consecutive thirty-year sentence as a habitual offender in Miami-Dade County Circuit Court case number 89-31180, with a mandatory minimum sentence of three years.
Affirmed.